### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN
### EAU CLAIRE DIVISION

| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA**, Secretary<br>of Labor, United States Department of Labor, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No.: 3:18-cv-00949 |
| **CHARLES BOWERS**, an individual,<br>**DONNA K'S BAR AND FAMILY**<br>**DINER LLC,** a Wisconsin company,<br>and **LOST AT DK LLC**, a Wisconsin<br>company. | ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

### SECRETARY OF LABOR'S PETITION TO ENFORCE
### ADMINISTRATIVE SUBPOENAS *DUCES TECUM*

Petitioner R. Alexander Acosta, Secretary of Labor, United States Department of Labor

("Secretary"), pursuant to Section 9 of the Fair Labor Standards Act of 1938, as Amended, 29

U.S.C. § 201, *et seq*., ("FLSA" or "Act"), applies to this Court for an Order requiring Charles

Bowers, Donna K's Bar and Family Diner LLC ("Donna K's"), and Lost at DK LLC ("Lost at

DK") (collectively, "Respondents"), to show cause, if any, why they failed to appear and

produce all records, papers, and documents requested as set forth in the Subpoenas *Duces Tecum*

issued by the Regional Administrator, Wage and Hour Division, United States Department of

Labor, and duly served upon Respondents, and an order tolling the FLSA statute of limitations.

### I

Jurisdiction to issue the Order prayed for herein is conferred upon this Court by Section 9

of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of

1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

**II**

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents, *inter alia*, are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

**III**

A.     At the time the subpoena was served, Ruben Rosalez was the Acting Regional Administrator of the Wage and Hour Division, United States Department of Labor, who, among others, had been delegated the authority by the Secretary to issue administrative subpoenas under the Act. Secretary's Order 01-2014, § 5.C., 79 Fed. Reg. 77527, 77528 (Dec. 19, 2014).

B.     Jenna Carte is the Assistant District Director of the Milwaukee Area Office of the Wage and Hour Division, United States Department of Labor ("Assistant District Director Carte").

**IV**

A.     Respondent Donna K's, at all times referred to herein, was a Wisconsin limited liability company with an office and a place of business at 44 E. Main Street, Black River Falls,

Wisconsin 54615, within the jurisdiction of this Court.

B.      Respondent Lost at DK, at all times referred to herein, was a Wisconsin limited

liability company with an office and a place of business at 3514 Blarney Road, Warrens, WI

54666, within the jurisdiction of this Court.

C.      Respondent Charles Bowers, at all times referred to herein, did own and operate

Respondents Donna K's and Lost at DK.

## V

In order to conduct a thorough investigation into the wages, hours, and other conditions

and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators

regularly review, copy and/or transcribe information from employers' records including, but not

limited to, payroll records and records of hours worked; question and interview employees; and

collect and review other relevant data relating to compliance by employers under the Act.

## VI

Pursuant to the power vested in him as Acting Regional Administrator of the Wage and

Hour Division, United States Department of Labor, Ruben Rosalez signed and issued two

Subpoenas *Duces Tecum* requiring Respondents Bowers and Donna K's to appear before

Assistant District Director Carte on April 12, 2018, at the Milwaukee Area Office of the Wage

and Hour Division, 310 W. Wisconsin Avenue, Suite 1170, Milwaukee, Wisconsin 53203, to

testify and produce designated books, records, and documents, listed on each Attachment #1 to

the two Subpoenas *Duces Tecum*, concerning matters within the scope of an investigation being

conducted pursuant to the FLSA, 29 U.S.C. § 211 ("Subpoenas Nos. 1-2").

## VII

On March 29, 2018, Wage and Hour Investigator Tara Pehlke served Subpoenas Nos. 1-2

upon Respondents Bowers and Donna K's by hand delivering duplicate originals of Subpoenas Nos. 1-2 to Charles Bowers at 3514 Blarney Road, Warrens, Wisconsin 54666. *See* Subpoenas Nos. 1-2 and the Return of Service sheet for each subpoena, attached to the *Memorandum in Support of the Secretary of Labor's Petition to Enforce Administrative Subpoenas Duces Tecum* ("Secretary of Labor's Memorandum in Support") as Exhibits A-1 and A-2.

**VIII**

Pursuant to the power vested in him as Acting Regional Administrator of the Wage and Hour Division, United States Department of Labor, Ruben Rosalez signed and issued one Subpoena *Duces Tecum* requiring Respondent Lost at DK to appear before Assistant District Director Carte on September 7, 2018, at the Eau Claire Office of the Occupational Safety and Health Administration (OSHA), 1310 W. Clairemont Avenue, Eau Claire, Wisconsin 54701, to testify and produce designated books, records, and documents, listed on Attachment #1 to the Subpoena *Duces Tecum*, concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211 ("Subpoena No. 3").

**IX**

On August 24, 2018, Wage and Hour Investigator Tracy Williams served Subpoena No. 3 upon Respondent Lost at DK by hand delivering a duplicate original of Subpoena No. 3 to the General Manager of Lost at DK at 3514 Blarney Rd., Warrens, Wisconsin 54666. *See* Subpoenas No. 3 and the Return of Service sheet, attached to the Secretary of Labor's Memorandum in Support as Exhibit B-1.

**X**

Respondents have failed to respond to the Secretary's Subpoenas *Duces Tecum* in full, and this failure has impeded and continues to impede the Secretary's lawful investigation under

the provisions of section 11 of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary respectfully requests this Court:

A.     Issue an Order requiring Respondents to fully comply with the Secretary's Subpoenas *Duces Tecum* within 10 days of the date of the Order or show cause, if any, for their failure to comply with and obey the Secretary's Subpoenas *Duces Tecum*;

B.     Issue an Order requiring the U.S. Marshals Service to effect service upon Respondent Charles Bowers on behalf of Respondents;

C.     Issue an Order tolling the statute of limitations from April 12, 2018, the date Respondents first failed to comply with the Secretary's Subpoenas *Duces Tecum*, until such date as the Secretary informs the Court that Respondents have complied in full;

D.     Issue an Order directing Respondents to pay all costs and expenses incurred by the Secretary in this matter; and

E.     For such other just and further relief as may be necessary and appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Brooke E. Worden
**BROOKE E. WORDEN**
Trial Attorney

Attorneys for Petitioner, **R. Alexander Acosta,** Secretary of Labor
U.S. Department of Labor

Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (312) 353-1218
Fax: (312) 353-5698
E-mail: worden.brooke.e@dol.gov